975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven R. WYCOFF, Appellant,
v.
Crispus C. NIX; John Henry; John Emmett; Robert L.
Washington, Appellees.
 No. 92-1266.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 3, 1992.
Filed: September 9, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges
 PER CURIAM.
 
 
 1
 Steven R. Wycoff, an Iowa inmate, appeals from the district court's[1] order denying his motion for a preliminary injunction in his civil rights action. We affirm.
 
 
 2
 Wycoff requested a preliminary injunction to prevent enforcement of an Iowa State Penitentiary (ISP) policy allowing inmates to keep only two boxes of personal property, including books, magazines, and legal material, in their cells. ISP instituted the policy to limit the amount of flammable material in cells and to improve fire safety. According to the policy, inmates must either send any excess material out of the prison or destroy it. Wycoff alleged that he had six boxes of legal material and argued that the ISP policy would deny him access to the courts and impede his assistance to other inmates in his capacity as a jailhouse lawyer.
 
 
 3
 After initially granting a temporary restraining order which required defendants to establish temporary storage for inmates' excess legal papers, the district court held an evidentiary hearing on Wycoff's injunction motion. The district court decided that Wycoff had not established that he was entitled to a preliminary injunction under Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 112 (8th Cir. 1981) (en banc). The court concluded that Wycoff would suffer no irreparable harm from enforcement of the policy, because he had access to a law library and court-appointed counsel for five of his six pending lawsuits. The court further concluded that "[a]ny impairment in [Wycoff's] ability to aid others in their legal activities is not an irreparable injury to [Wycoff] or those he aids." The court determined that the balance of injury decisively favored defendants, who would incur the burden of escorting inmates to retrieve legal boxes from storage if the injunction were granted. The court also determined that Wycoff was not likely to prevail on the merits because of the attenuated relationship between Wycoff's access to these legal materials and his meaningful access to the courts. Finally, the court recognized a general public interest in the preservation of constitutional rights and access to the courts for all citizens, but concluded that this general interest was not significantly damaged by the limits placed on Wycoff's legal materials, and was outweighed by the public interest in avoiding impairment to the efficient operation of the prison. The court dissolved the temporary restraining order and denied the preliminary injunction motion.
 
 
 4
 We have reviewed the matter and conclude the district court did not abuse its discretion when it denied the motion after considering the factors listed in Dataphase. See Glenwood Bridge, Inc. v. City of Minneapolis, 940 F.2d 367, 369 (8th Cir. 1991) (standard of review).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Court Judge for the Southern District of Iowa